ENTERED OCT 3 0 2014

STATE OF MAINE
YORK, SS.

SUPERIOR COURT
DOCKET NO. CV-12-63

**3/28/2014**

MAINE-LY BATTERIES, INC.　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　)
　　　　v.　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
BATTERY WORLD, INC., and　　　　)
　　　　　　　　　　　　　　　　)　　　ORDER
DAVID E. WILLETTE, and　　　　　)
　　　　　　　　　　　　　　　　)
RICHARD A. WILLETTE,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Dedendants.　　　　　　)

I.　　　Background

Maine-ly Batteries began supplying batteries and battery supplies to Battery World in late 2000. (Supp. S.M.F. ¶ 5.) By late October 2010, Battery World had accrued a significant amount of debt owed to Maine-ly Batteries. (Supp. S.M.F. ¶ 6; Opp. S.M.F. ¶ 6.) On October 27, 2010, Defendants David and Richard Willette executed a Personal Guaranty Agreement guaranteeing the obligations of Battery World to Maine-ly Batteries. (Supp. S.M.F. ¶ 7.) Defendants David and Richard Willette conveyed their interests in Defendant Battery World, Inc. by Bill of Sale dated November 10, 2010 to Barabara Davis. (Add. S.M.F. ¶¶ 29, 30.)

On February 29, 2012, Maine-ly Batteries sent a Demand for Payment via both U.S. mail and Certified mail to Battery World, David Willette, and Richard Willette. (Supp. S.M.F. ¶ 9.) On March 16, 2012, Maine-ly Batteries filed the current action to collect $36,606.69 from Battery World, and David and Richard Willette. (Supp. S.M.F. ¶ 10.) Plaintiff, Maine-ly Batteries, filed motions for emergency injunctive relief and attachment, both of which were granted. (Supp. S.M.F. ¶ 10, 11.)

1

On June 11, 2012 Maine-ly Batteries and Battery World informally mediated and reached a partial settlement. (Supp. S.M.F. ¶¶ 12, 13.) The Settlement Agreement provided that "Battery World agrees that it owes Maine-ly Batteries $30,000 in full settlement of the Action as to Battery World". (Opp. S.M.F. ¶ 13.) The Willettes did not attend the mediation and were not included in the Settlement Agreement. (Supp. S.M.F. ¶¶ 12, 14; Opp. S.M.F. ¶ 12.) Defendants David Willette and Richard Willette certify that they each terminated the Personal Guaranty Agreement by letter on April 1, 2012. (Add. S.M.F. ¶¶ 27, 28.)

Plaintiff's assert that the total balance due from Battery World to Plaintiff as of December 31, 2013 was $18,503.86. (Supp. S.M.F. ¶ 16.) Plaintiff's further assert that of the total balance, $12,708.69 is the balance owed Battery World under the settlement agreement. (Supp. S.M.F. ¶ 17.)

Plaintiff is now seeking judgment against David and Richard Willette for the debt accrued by Battery World above the settlement amount. Plaintiff asserts that Defendants David and Richard Willette are personally liable for $5795.17, costs, and fees as a result of the Personal Guaranty Agreement they executed.

II.     Standard of Review

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Beal v. Allstate Ins. Co., 989 A. 2d 733, 738 (Me. 2010); Dyer v. Department of Transportation, 951 A.2d 821, 825 (Me. 2008). When reviewing a motion for summary judgment, the court reviews the parties' statements of material facts and the cited record evidence in the light most favorable to the non-moving party. Id.

A genuine issue of material fact exists where the fact finder must make a determination between differing versions of the truth. Reliance National Indemnity v. Knowles Industrial

2

Services Corp., 2005 ME 29, ¶7, 868 A.2d 220; citing Univ. of Me. Found. V. Fleet Bank of Me., 2003 ME 20, ¶20, 817 A.2d 871. Furthermore, "a fact is material if it could potentially affect the outcome of the case." Id.

III.　Discussion

Plaintiff moves for a Summary Judgment of $5795.17, cost, and fees against Defendants David and Richard Willette. Plaintiff attests that the Personal Guaranty Agreement executed by the Willettes provides Plaintiff with the right to recover.

The court looks to the terms of the Personal Guaranty Agreement in order to determine as a matter of law whether Plaintiff has a right to recover the difference between the settlement amount and the full claim of debt from Defendants David and Richard Willette, as well as costs and fees. "Since a guarantee is a type of contract ... guaranties are governed by the same rules of construction as other contracts." Bumila v. Keiser Homes of Maine, Inc., 1997 ME 139, ¶ 12, 696 A.2d 1091. "A contract is to be interpreted to effect the parties' intentions as reflected in the written instrument, construed with regard for the subject matter, motive, and purpose of the agreement, as well as the object to be accomplished. The interpretation of an unambiguous contract is a question of law." Handy Boat Serv., Inc. v. Prof'l Servs., Inc., 1998 ME 134, ¶ 7, 711 A.2d 1306.

The Personal Guaranty Agreement states that:

> "The liability of the GUARANTORS shall not be impaired, altered, or otherwise affected by any renewal, modification, compromise or discharge of the INDEBTEDNESS or any part thereof. The liability hereunder of the GUARANTORS, shall be direct, immediate and absolute and shall not be conditional or contingent upon the pursuit, exercise or prosecution by OBLIGEE of any other remedy or remedies whatsoever and OBLIGEE shall have and may exercise against the GUARANTORS any and all remedies that it might against a principal debtor upon a past due liquidation obligation.

3

Personal Guaranty Agreement, ¶ 2. The Personal Guaranty Agreement is unambiguous as to Plaintiff's right to pursue GUARANTORS, David and Richard Willette, for the full amount of the debt accrued even where Plaintiff has discharged the debt as it pertains to Defendant Battery World. The Personal Guaranty Agreement is similarly unambiguous pertaining Plaintiff's right to seek repayment for debt accrued by Battery World from David and Richard Willette whether or not Plaintiff first seeks repayment from Battery World. There is no question of material fact concerning whether David and Richard Willette are liable for debt accrued by Battery World pursuant to the Personal Guaranty Agreement.

David and Richard Willette contend that they are not liable for debt accrued by Battery World pursuant to the Personal Guaranty Agreement because they terminated the Personal Guaranty Agreement and because they sold their interest in Battery World. The Personal Guaranty Agreement does permit unilateral termination of the Personal Guaranty Agreement, "provided however that this Agreement and the undersigned liability hereunder shall remain in full force and effect with respect to the portion of the INDEBTEDNESS created, arising or existing prior to such termination". Personal Guaranty Agreement, ¶ 1. David and Richard Willette argue that they terminated the Personal Guaranty Agreement by letters dated April 11, 2012 and therefore Plaintiff is not entitled to judgment against them. The Personal Guaranty Agreement states that the Guarantors are liable for all debt accrued before the date of termination. Plaintiff is seeking to recover for debt accrued prior to termination. There is no question of material fact concerning Defendant David and Richard Willettes' liability.

Defendants David and Richard Willette argue that they are not liable for debt accrued by Battery World because the Personal Guaranty Agreement was part of the conveyance of Defendants David and Richard Willette's full interest in Battery World by bill of sale to

4

Barabara Davis on November 10, 2010. David and Richard Willette argue that by conveying their "full interest" in Battery World they conveyed their personal guaranty and were no longer liable for any debt accrued by the company. According to Black's Law Dictionary, a Guaranty is "A promise to answer for the payment of some debt, or the performance of some duty, in case of the failure of another who is liable in the first instance." Guaranty, Black's Law Dictionary (9th ed. 2009), guaranty. The Personal Guaranty Agreement was a promise by Defendants David and Richard Willette to personally answer for the payment of Battery World's debt in case of Battery World's failure to do so. Battery World could not have been both the primary obligor and the guarantor. The Personal Guaranty Agreement was a personal asset of the Willettes', not an asset of the company. Therefore, the Personal Guaranty Agreement was not conveyed as part of the November 10, 2010 bill of sale.

Defendants David and Richard Willette also argue that Plaintiff did not properly retain the right to pursue the Willettes for the debt at the time of the Settlement Agreement between Plaintiff and Battery World. Defendants David and Richard Willette argue that because Plaintiff did not properly retain the right to pursue the debt, the Willettes are no longer liable for any debt accrued by Battery World.

> To the extent that the obligee releases the principal obligor from its duties pursuant to the underlying obligation:
>> (a) the principal obligor is also discharged from any corresponding duties of performance and reimbursement owed to the secondary obligor unless the terms of the release effect a preservation of the secondary obligor's recourse (§ 38);
>> (b) the secondary obligor is discharged from any unperformed duties pursuant to the secondary obligation unless:
>>> (i) the terms of the release effect a preservation of the secondary obligor's recourse (§ 38); or
>>> (ii) the language or circumstances of the release otherwise show the obligee's intent to retain its claim against the secondary obligor

5

Restatement (Third) of Suretyship & Guaranty § 39 (1996). The terms of the agreement and the Amended Consent Judgment entered by the court on May 1, 2013, show the obligee's intent to retain its claim against David and Richard Willette.[1] There is no question of material fact concerning Defendant David and Richard Willettes' liability.

Next the court must determine the extent of Defendant David and Richard Willettes' liability. According to the Personal Guaranty Agreement:

> "The records of OBLIGEE shall be conclusive with respect to the amounts, times and places of delivery of any and all merchandise and the balance due and owing to OBLIGEE by said COMPANY. Any evidence admissible in an action against the COMPANY shall be admissible in an action against the GUARANTORS on this Guaranty."

Personal Guaranty Agreement, ¶ 2. The OBLIGEE, Plaintiff, has presented its records with respect to the balance owing. The Personal Guaranty Agreement states unambiguously that the Plaintiff's records are to be conclusive on the matter of the amount due by David and Richard Willette. Plaintiff seeks the amount due according to the records less the amount Battery World has agreed to pay. According to Plaintiff's records, that amount it $5795.17. After review of Plaintiff's records, the court finds that there is no question of material fact concerning the balance of the debt after Plaintiff's Settlement Agreement with Battery World.

Finally, the court must determine whether David and Richard Willette must compensate Plaintiff for reasonable costs and attorneys fees accrued in this action. Once again, the court

---

[1] Section 39 continues:
(c) if the secondary obligor is not discharged from its unperformed duties pursuant to the secondary obligation by operation of paragraph (b), the secondary obligor is discharged from those duties to the extent:
    (i) of the value of the consideration for the release;
    (ii) that the release of a duty to pay money pursuant to the underlying obligation would otherwise cause the secondary obligor a loss; and
    (iii) that the release discharges a duty of the principal obligor other than the payment of money;
Restatement (Third) of Suretyship & Guaranty § 39 (1996). While Defendants David and Richard Willette are not discharged of the entire debt, they are discharged of the duty to answer for the value of the consideration for the release. Plaintiff may only seek the amount due over and above the amount of the Settlement Agreement at this time.

6

looks to the language of the Personal Guaranty Agreement: "The GUARANTORS hereby agree to pay OBLIGEE all costs and expenses, including reasonable attorneys fees, which it may incur in attempting to collect from COMPANY or the GUARANTORS in the enforcement of this guaranty." Personal Guaranty Agreement, ¶ 4. David and Richard Willette unambiguously promised to pay all reasonable costs and fees associated with collecting on the debt accrued by Battery World. Therefore, the court finds as a matter of law that David and Richard Willette are liable for reasonable costs and fees accrued by Plaintiff. Plaintiff may submit to the court an itemized record of costs and fees for review within 60 days of entry of this order.

IV.    Conclusion

Pursuant to M.R. Civ. P. 79(a), the Clerk is directed to incorporate this order into the docket by reference and the entry is

Plaintiff's Motion for Summary Judgment is Granted.

DATE:    3/28/14

_____
John O'Neil, Jr.
Justice, Superior Court

Clerk may incorporate " Motion for Summary Judgment granted, judgment to the plaintiff, with interest and costs as allowed by law "
JHO

7